## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **WILLIAM BRIDGEFORTH,** | |
|     **Plaintiff,** | |
| **v.** | |
| **FRIEDMAN MANAGEMENT USA, LLC, limited liability company and ISIDORE WETTENSTEIN, individually,** | **Case No.:** _____ <br><br> **JURY DEMAND** |
|     **Defendant.** | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, WILLIAM BRIDGEFORTH ("Plaintiff"), by and through his undersigned counsel, files this Complaint and Demand for Jury Trial against Defendants, FRIEDMAN MANAGEMENT USA, LLC ("Friedman Management") and ISIDORE WETTENSTEIN ("Wettenstein)(collectively "Defendants"), and states:

## NATURE OF THE ACTION

1.      This action seeks to redress the Defendants' systematic policy and practices whereby they accept work from employees without paying legally-mandated wages for it, including overtime wages as required by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law, N.Y. Lab. Law, Art. 19 § 650 *et seq.* ("NYLL"), and Rules and Regulations of the State of New York ("NYCRR") § 142-2.

2.      The FLSA, NYLL and NYCRR require employers to compensate employees for all hours worked, and at an overtime rate for all work completed over forty (40) hours per week. However, the Defendants systematically failed to fully account for the hours worked by non-

exempt employees, effectively forcing them to work off-the-clock and thus without due compensation including overtime premium pay.

## JURISDICTION & VENUE

3.      This Court also has jurisdiction under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 (federal questions jurisdiction), and supplemental jurisdiction over Plaintiff's NYLL and NYCRR claims pursuant to 28 U.S.C. § 1367.

4.      Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b)(2), because all or significantly all acts/omissions giving rise to the instant claims occurred in this District, the instant claims accrued in District, and Defendants conduct significant business activities in this District.

## PARTIES AND FLSA COVERAGE

5.      At all times material hereto, Plaintiff was a resident within the jurisdiction of the Eastern District of New York.

6.      At all times material hereto, Defendants were, and continue to be a New York Limited Liability Company, engaged in business in New York, with a principal place of business in Richmond County, New York.

7.      At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

8.      At all times material hereto, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

9.      Defendants were, and continue to be, an "employer" within the meaning of the FLSA.

10.     Based upon information and belief, the annual gross revenue of Defendants is, and

was, in excess of $500,000.00 per annum for all relevant time periods.

11.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of his usage of items that travelled in interstate commerce in the exercise of his regular duties as an employee of Defendants.

12.     At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

13.     Defendants operates a management company.

14.     Plaintiff worked for Defendant as a non-exempt maintenance supervisor from September 2021 through November 2021.

15.     Plaintiff then worked as a maintenance technician from February 2022 through May 2022.

16.     Plaintiff's employment ended in approximately May 2022.

17.     Plaintiff's duties included supervising, installing and repairing appliances and electrical repairs amongst other job duties.

18.     At all times relevant to the claim, Plaintiff was compensated on an hourly basis.

19.     However, Plaintiff was not properly compensated for all of the hours that he worked each week, in most, if not all, workweeks.

20.     During times relevant to the claim, Plaintiff worked in excess of forty (40) hours in most, if not all, workweeks.

21.     However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a single workweek.

22.     Instead, Defendants paid Plaintiff at his regular rate of pay for all hours that Plaintiff worked in a single work week, including the hours that Plaintiff worked over forty (40).

23.     Plaintiff should have been, and should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

24.     Defendants have violated Title 29 U.S.C. § 207 in that:

a.      Plaintiff worked in excess of forty (40) hours per week in most, if not all, workweeks during his employment as a maintenance supervisor and technician with Defendants;

b.      No payments, and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked as a maintenance supervisor and technician for Defendants as provided by the FLSA;

c.      Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful or demonstrated reckless disregard for the FLSA.

## COUNT I
## VIOLATION OF 29 U.S.C. §207
## OVERTIME COMPENSATION

25.     Plaintiff realleges and reincorporate paragraphs 1 through 24 as if fully set forth herein.

26.     Throughout the duration of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours in most, is not all, workweeks.

27.     Throughout the duration of his employment, Plaintiff was not properly

4

compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

28.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours while Plaintiff was employed by Defendants.

29.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due for Plaintiff's work for Defendants.

30.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

31.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

32.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

33.     Plaintiff demands trial by jury.

**COUNT II**
**VIOLATION OF NEW YORK LABOR LAW §§  650 *et seq.***

34.     Plaintiff realleges and reincorporate paragraphs 1 through 24 as if fully set forth herein.

35.     NYLL § 652 requires that every employee must be paid for "each hour worked" by their employer.

36.     Through their conduct described above, Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL.

37.     At all relevant times, Plaintiff was an employee of Defendants, and Defendants were the employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq*.

38.     Through its knowing or intentional failure to pay agreed upon hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*.

39.     Defendants required Plaintiff to work without due compensation.

40.     NYLL § 663(1) provides that Plaintiff is entitled to recover the amount of any such underpayments.

41.     NYLL § 663(1) further provides that Plaintiff is entitled to an award of its costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

42.     Under NYLL § 663(1), Defendants are liable for a penalty in the amount of 100% of the total of the amount due during the relevant period as Defendants cannot prove a good faith basis to believe that its underpayment was in compliance with the law.

43.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NYLL § 650 AND NYCRR § 142-2**

44.     Plaintiff realleges and reincorporate paragraphs 1 through 24 as if fully set forth herein.

45.     Through their conduct described above, Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL.

6

46.     At all relevant times, Plaintiff was an employee of Defendants, and Defendants were the employers of Plaintiff within the meaning of the NYLL §§ 650 *et seq*.

47.     Through its knowing or intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

48.     NYLL § 650 *et seq*. confers power upon the Commissioner of Labor and the wage board to recommend regulations with respect to overtime rates.

49.     Accordingly, NYCRR § 142-2 provides for overtime rate compensation within the state of New York.

50.     Plaintiff is an "Employee" as defined by NYCRR § 142-2.14.

51.     NYCRR § 142-2.2 requires an employer to "pay an employee for overtime at a wage rate of one and one-half times the employees regular rate . . ." in accordance with, and subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.*, the Fair Labor Standards Act of 1938, as amended.

52.     Defendants failed to pay Plaintiff the required overtime rate when he worked more than forty (40) hours per workweek.

53.     Defendants have no good faith justification or defense for failing to pay Plaintiff all wages mandated by the NYCRR.

54.     NYLL § 663(1) provides that Plaintiff is entitled to recover the amount of any such underpayments.

55.     NYLL § 663(1) further provides that Plaintiff is entitled to an award of his costs incurred in pursuing this claim, an award of reasonable attorneys' fees incurred in pursuing this claim and an award of prejudgment interest at the applicable rate.

56.     Under NYLL § 663(1) Defendants are liable for a penalty in the amount of 100%

of the total of the amount due during the relevant period as Defendants cannot prove a good faith

basis to believe that its underpayment was in compliance with the law.

**COUNT IV**
**VIOLATION OF NEW YORK LABOR LAW §§ 190 et seq.-**
**FAILIRE TO PROVIDE WRITTEN NOTICE OF WAGES, ETC.**

57.     Plaintiff realleges and reincorporate paragraphs 1 through 24 as if fully set

forth herein.

58.     At the inception of Plaintiff's employment, Defendants failed to supply Plaintiff

with written notice of the terms of his employment, as required by the NYLL.

59.     Through their knowing or intentional failure to provide Plaintiff with the written

notice required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et*

*seq.*, and the supporting New York State Department of Labor Regulations.

60.     Because Defendants failed to provide Plaintiff with written notice, Plaintiff was

unaware of his entitlement to overtime wages, his proper rates of pay, the contact information for

Defendants' main office.

61.     As a result, Plaintiff did not know how much he was legally entitled to earn while

employed by Defendants and did not know who he should complain to regarding Defendants'

failure to pay him overtime wages when he worked in excess of 40 hours a week.

62.     Defendants' failure to provide the legally-required written notice directly resulted

in a significant delay in Plaintiff asserting his rights to full and proper overtime compensation.

63.     As a direct result of the delay, Plaintiff has had a worse credit rating than he

otherwise would have had, because his income has been artificially reduced.

64.    Thus, Plaintiff has had greater difficulty obtaining loans and other credit and the terms of the loans/credit obtained have been less favorable (i.e. higher interest rates).

65.    Without access to traditional avenues for borrowing money and/or financing purchases, Plaintiff was required to resort to making more purchases on high interest credit cards, which in turn further negatively impacted his credit and plunged him further into debt.

66.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

**COUNT V**
**VIOLATION OF NEW YORK LABOR LAW §§ 190 *et seq*.-**
**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

67.    Plaintiff realleges and reincorporate paragraphs 1 through 24 as if fully set forth herein.

68.    Defendants failed to supply Plaintiff with accurate statements of wages as required under the NYLL, Article 6, § 195(3).

69.    Through their knowing or intentional failure to provide Plaintiff with the accurate wage statements required under the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Regulations.

70.    Because Defendants failed to provide Plaintiff with accurate wage statements, Plaintiff suffered emotional distress, because he did not know whether he was receiving the full amount of his wages due, and whether he could meet his financial commitments.

71.    Plaintiff further suffered as a result of Defendants' failure to provide accurate wage statements because he was hindered in his financial matters (i.e. seeking loans, credit, etc.) inasmuch as his wage statements did not fully and accurately reflect his wages earned.

72.     Specifically, although Defendants made deductions to Plaintiff's pay throughout his employment, purportedly to cover his rent at Defendants' premises, Defendants failed to document such deductions on Plaintiff's wage statements.

73.     As a result, when Defendants were sold to a third-party, the new owners subsequently deducted the exact same amounts for rent—already paid, but undocumented—from Plaintiff's wages a second time (i.e. he was charged twice for the same rent because of Defendants' inaccurate wage statements).

74.     Because his wage statements did not fully and accurately reflect the amount of wages that Plaintiff earned, his credit rating was worse than it would otherwise have been, making it more difficult for him to borrow money or finance purchases, and resulting in less favorable loan/finance terms.

75.     Without access to traditional avenues for borrowing money and/or financing purchases, Plaintiff was required to resort to making more purchases on high interest credit cards, which in turn further negatively impacted his credit and plunged him further into debt.

76.     Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties, reasonable attorneys' fees, costs, and injunctive relief and declaratory relief, as provided for by NYLL, Article 6, §198(1-d).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

a.     Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per workweek while employed by Defendant;

b.      finding that Defendant willfully violated the applicable provisions of the NYLL by failing to pay all required wages and overtime to Plaintiff and the New York Class members;

c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.      Awarding Plaintiff $5,000 due to Defendants' failure to provide written notice in violation of the WTPA;

e.      Awarding Plaintiff $5,000 due to Defendants' failure to provide accurate wage statements in violation of the WTPA;

f.      Awarding Plaintiff pre-judgment and/or post-judgment interest;

g.      An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

h.      Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demand trial by jury on all issues so triable as a matter of right by jury.

DATED this <u>9th</u> day of February 2023.

Respectfully submitted,

By: ***/s/ Andrew R. Frisch***
**Andrew R. Frisch**
**NY Bar No. 3957115**
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com

***Attorney for Plaintiff***